**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henry Hernandez, | No. CV-21-00357-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Costco Wholesale Corporation, | |
| Defendant. | |

Pending before the Court is Defendant Costco Wholesale Corporation's Motion to Dismiss and Plaintiff Henry Hernandez's Motion for Leave to Conduct Preliminary Discovery, both of which are fully briefed. (Docs. 26, 28, 31, 32, 33, 34.) For the following reasons, the Court grants Defendant's motion and denies Plaintiff's motion.

In December 2020, Plaintiff attempted to enter one of Defendant's stores in Maricopa County but was stopped when Defendant's employees asked him to wear a face mask. He declined, arguing that he had a "medical reason" that prevented him from wearing one. (Doc. 25 at 4.) He continued unmasked into the store. (*Id.*) Defendants' employees monitored his presence as he shopped, informed him that he was violating Defendant's posted policies and would not be able to return if he would not "follow the rules." (*Id.*) Plaintiff finished shopping and left "with his purchased groceries." (*Id.*) Plaintiff does not allege that he visited or attempted to visit another of Defendant's stores after this incident. Shortly after the visit, Plaintiff filed a complaint, alleging that

Defendant had harassed him in violation of the Americans with Disabilities Act ("ADA") and asking for damages and injunctive relief. (Doc. 25.)

Defendant moves to dismiss the complaint for lack of subject matter jurisdiction, arguing that Plaintiff lacks standing. (Doc. 26.) A federal court must dismiss claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). One element of subject matter jurisdiction is Article III's "Cases" and "Controversies" requirement, of which standing is an "essential and unchanging part. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). To satisfy standing, a plaintiff must show he suffered (1) a concrete and particularized injury in fact, that is (2) caused by or fairly traceable to the defendant's conduct, and (3) that a favorable decision will redress the injury. *Id.*

Because the only form of relief available under the ADA is an injunction, a plaintiff bringing an ADA claim must show a real and immediate threat of future injury to establish redressability. *Chapman v. Pier 1 (U.S.) Imports Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). A plaintiff may do this either by demonstrating "deterrence, or by demonstrating injury-in-fact coupled with an intent to return to the noncompliant facility." *Id.* at 944. "[M]ere attestation that []he fears repetition of the challenged conduct is insufficient to show a likelihood of recurrence." *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 766 (9th Cir. 1987).

Neither the Complaint nor the Response alleges that Plaintiff "intend[s] to return" to any of Defendant's stores. *Chapman*, 631 F.3d at 944. And Plaintiff's motion for leave to conduct preliminary discovery, which concerns only the initial incident and not whether Plaintiff intends to revisit Defendant's stores, does not attempt to cure the jurisdictional deficiency. (Doc. 32.) Plaintiff thus lacks standing, and the Court must dismiss the case for lack of subject matter jurisdiction.

As a removed case, however, the analysis doesn't end here. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth Circuit recognizes an exception to this requirement where there is "absolute certainty that remand would prove futile." *Bell*

*v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991) (internal quotation omitted).

Arizona does not have a counterpart to Article III's case or controversy requirement. *Fernandez v. Takata Seat Belts, Inc.*, 108 P.3d 917, 919 (Ariz. 2005). Questions of standing in Arizona courts are prudential, not jurisdictional. *Id.* Where, as is the case here, state courts have concurrent jurisdiction over a federal claim, *see Advocates for Individuals with Disabilities LLC v. WSA Properties LLC*, 210 F.Supp.3d 1213, 1225 (D. Ariz. 2016), it is possible that an Arizona court would entertain the claim even if Article III prevents federal courts from doing so. Thus, the Court does not find with absolute certainty that remand would prove futile. Therefore,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED**.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Conduct Preliminary Discovery is **DENIED**.

**IT IS ORDERED** remanding this matter in its entirety to the Maricopa County Superior Court.

Dated this 13th day of March, 2022.

Douglas L. Rayes
United States District Judge