**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henry Hernandez,<br><br>    Plaintiff,<br><br>v.<br><br>Costco Wholesale Corporation,<br><br>    Defendant. | No. CV-21-00357-PHX-DLR<br><br>**ORDER** |

Defendant Costco Wholesale Corporation ("Costco") moved to dismiss Plaintiff Henry Hernandez's first amended complaint ("FAC"). (Doc. 47.) Instead of filing a response opposing Costco's motion, Mr. Hernandez responded by moving for leave to amend (Doc. 50), which is fully briefed (Docs. 52, 53). For the following reasons, the Court grants Costco's motion and denies Mr. Hernandez's motion.

**I. Background**

In December 2020, Mr. Hernandez attempted to enter a Costco store in Maricopa County but was stopped when Costco's employees asked him to wear a face mask. He declined, asserting that he had a "medical reason" that prevented him from wearing a face mask or face shield. (Doc. 25 at 4.) As he continued barefaced into the store, the employees informed him that he was violating Costco's posted policies and would not be able to return if he would not "follow the rules." (*Id.*) Mr. Hernandez noted that he felt "harassed." (*Id.*) Ignoring the employees' warnings, he continued through the store while

employees monitored his whereabouts. (*Id.*) He completed his shopping and left "with his purchased groceries." (*Id.*) Shortly after the visit, Mr. Hernandez filed a complaint, alleging that Costco had harassed him in violation of the Americans with Disabilities Act ("ADA") and asking for damages and injunctive relief. (Doc. 25.)

**II. Motion to Dismiss**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 680, and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2008).

Among other things, Costco argues that the FAC fails to plausibly allege whether Costco's conduct amounted to discrimination under the ADA.[1] 42 U.S.C. § 12182(a). The Court agrees.

An entity does not commit discrimination under the ADA when it denies services to an "individual [who] poses a direct threat to the health or safety of others. The term 'direct threat' means a significant risk to the health or safety of others that cannot be eliminated by a modification of policies, practices, or procedures or by the provision of auxiliary aids or services." 42 U.S.C § 12182(b)(3). In ascertaining whether an individual

---

[1] Costco also argues that (1) Mr. Hernandez did not allege a disability within the meaning of the ADA, (2) alternatively, Mr. Hernandez does not allege that his purported disability prevents him from wearing a face mask or shield, and (3) Mr. Hernandez did not allege he was denied access to Costco's store because of the disability, as opposed to failing to comply with store policy. (Doc. 47 at 2.)

poses a "direct threat," the entity must conduct an

> individualized assessment, based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence, to ascertain: The nature, duration, and severity of the risk; the probability that the potential injury will actually occur; and whether reasonable modifications of policies, practices, or procedures or the provision of auxiliary aids or services will mitigate the risk.

28 C.F.R. § 36.208(b). Entities may make this determination without the aid of physicians, so long as is not "based on generalizations or stereotypes." *Giles v. Sprouts Farmers Mkt., Inc.*, No. 20-CV-2131-GPC-JLB, 2021 WL 2072379, at *5 (S.D. Cal. May 24, 2021) (quoting ADA Title III Technical Assistance Manual § III-3.8000).

In locations with a state or local mask requirement—like Maricopa County at the relevant time[2]—Costco requires customers to wear a face mask or, if "a medical condition . . . prevents them from wearing a mask, they must wear a face shield." (Doc. 26-1 at 9.) Maricopa County and the Centers for Disease Control and Prevention ("CDC")[3] considered an unmasked adult at an indoor place of public accommodation to present a risk to other patrons. (Doc. 47-2 at 5-9, 17-27.) Thus, a cursory visual inspection could determine whether any one person presented a risk to other patrons, i.e., an individual was wearing a mask or a face shield. This is an individualized assessment. *Giles*, 2021 WL 2072379, at *5.

Any of Mr. Hernandez responses about breathing difficulties while masked "are not germane to calculating the risk" that an unmasked person would pose to the public, according to the CDC and Maricopa County. *Id.* at *6. "Instead, the risk is the same between those with or without breathing difficulties, but should be accounted for by way of reasonable modifications." *Id.* Costco allowed face shields as an alternative to face masks, and Mr. Hernandez does not explain why other alternatives, like having someone

---

[2] The Court takes judicial notice of the guidance from Maricopa County at the pertinent time (Doc. 47-2 at 5-9) because, as a government document on a government website, it is a matter of public record whose contents are not subject to reasonable dispute. *See Kater v. Church Downs Incorp.*, 886 F.3d 784, 788 n.3 (9th Cir. 2018).
[3] The Court takes judicial notice of the pertinent CDC guidance. (Doc. 47-2 at 17-27); *see Kater*, 886 F.3d at 788 n.3.

shop for him, were insufficient.

Costco canceled Mr. Hernandez's Costco membership and attempted to deny in-person services to him after it conducted an individualized assessment of the direct threat posed by his unwillingness to wear a face mask or face shield. Such action does not amount to discrimination under the ADA. Absent any showing of plausibly discriminatory action, Mr. Hernandez cannot maintain his ADA claim, and the FAC must be dismissed.

What's more, Mr. Hernandez did not respond to Costco's motion to dismiss, implicitly conceding the merits of its argument and the deficiencies of his FAC. *See* LRCiv. 7.2(i) ("[I]f the unrepresented party or counsel does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."). The Court grants the motion to dismiss.

**II. Motion for Leave to Amend**

Mr. Hernandez seeks leave to file a second amended complaint ("SAC"). The Court denies leave to amend because (1) Mr. Hernandez did not comply with the procedural requirements in Local Rule 15.1 and (2) the proposed amendments are futile.

"Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). Local Rule 15.1(a) requires a litigant moving for leave to amend to "attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv. 15.1(a). Although Mr. Hernandez lodged a proposed SAC at the time he filed his motion for leave to amend (Doc. 51), the lodged document does not indicate how it differs from the FAC "by bracketing or striking through the text to be deleted and underlining the text to be added." This deficiency justifies denying leave to amend.[4]

---

[4] The Court directed Mr. Hernandez to where he could review the District's Handbook for Self-Represented Litigants and a copy of the Local Rules. (Doc. 6.) The Handbook notes that "[a]ny documents [a pro se litigant] files in court must comply with the . . . District of Arizona Local Rules of Practice." Handbook for Self-Represented Litigants at 7, https://www.azd.uscourts.gov/handbook-self-represented-litigants.

*Cettolin v. GMAC*, No. CV 10-8036-PCT-JAT, 2010 WL 3834628, at *4 (D. Ariz. Sept. 24, 2010).

In addition to this procedural deficiency, Mr. Hernandez's proposed SAC is futile. After amending a complaint for the first time, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Leave to amend should be freely granted "when justice so requires." *Id.* Nevertheless, the Court enjoys "particularly broad" discretion to deny a motion for leave to amend when "the plaintiff has previously amended the complaint," as Mr. Hernandez has done here. *Ascon Props. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

The Court considers four factors when determining whether leave to amend is appropriate: bad faith, undue delay, prejudice to the opposing party, and futility. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Futility alone justifies denying leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (1995). A motion to amend is futile if the amended portion fails to state a plausible claim for relief. *Chabrowski ex rel. ARTBE Enters., LLC v. Litwin*, No. CV-16-03766-PHX-DLR, 2017 WL 2841212, at *2 (D. Ariz. Jan. 19, 2017).

Like his FAC, Mr. Hernandez's proposed SAC is futile because the ADA allows a business to deny service to an individual after an individualized assessment determines that the individual poses "a direct threat to the health or safety of others." 42 U.S.C. § 12182(b)(3). Nothing in Mr. Hernandez's proposed SAC changes the reality that Costco canceled Mr. Hernandez's membership and attempted to deny in-person services to him after it conducted an individualized assessment of the direct threat posed by his unwillingness to wear a face mask or face shield at a time when Maricopa County required face coverings to combat the COVID-19 pandemic. Leave to amend is denied.

/ / /

/ / /

/ / /

**IT IS ORDERED** that Costco's motion to dismiss (Doc. 47) is **GRANTED** and Mr. Hernandez's motion for leave to amend (Doc. 50) is **DENIED**. The Clerk of the Court is directed to enter judgment accordingly and terminate this case.

Dated this 8th day of December, 2022.

Douglas L. Rayes
United States District Judge